**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**JOSEPH MILYKO,**

 *Plaintiff*,

v.                    Civ. Act. No.: 2:18-cv-00060

**GREAT LAKES DREDGE
& DOCK COMPANY, LLC**

 *Defendant*.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS PUNITIVE DAMAGES CLAIM**

COMES NOW, the Plaintiff, Joseph Milyko, by undersigned counsel, and in Response to Defendant Great Lakes Dredge & Dock Company, LLC's Motion to Dismiss and Memorandum in Support under Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

**STATEMENT OF FACTS**

Milyko's injury was sustained on or about July 1, 2014 and reported to GLDD shortly thereafter. See Pl.'s Compl (D.E. #1). Despite receiving notice of the Plaintiff's injuries, GLDD did not commence payment of maintenance and cure until October 2014. Id. On February 9, 2015, Milyko filed a law suit in the Circuit Court for the City of Norfolk, which sought, *inter alia*, maintenance and cure from GLDD. Id. On February 20, 2015 GLDD ceased payment of Milyko's maintenance and cure benefits. Id. at ¶16. On February 2, 2016, nearly a year after GLDD had discontinued payment of maintenance and cure benefits in response to Milyko's initial lawsuit, the Norfolk Circuit Court entered a "final" Order, which granted, in part, GLDD's motion for sanctions. See "Exhibit 1" (D.E. # 7-1) Def.'s Mem. in Supp. of Mot. to Dismiss (DE #7).

1

The Circuit Court order dismissed Milyko's claims against GLDD for negligence and unseaworthiness, and excluded the testimony of Milyko's medical experts concerning causation. The applicable portion of that Order, for the purposes of Milyko's current maintenance and cure suit, as well as the issues presently before this Court, provided the following:

> Plaintiff's claim for attorneys' fees and punitive damages in his Complaint's Third Cause of Action – arising out of GLDD's alleged willful, arbitrary, and capricious refusal to pay maintenance and cure for the alleged July 1, 2014, work-related injury – are HERREBY stricken from the Complaint and said claims are DISMISSED WITH PREJUDICE for this action…"

See Id. at p. 2; Order of the Norfolk Circuit Court, Case No. CL15-1437 (Feb. 1, 2016). The Circuit Court's order was entered prior to trial and in response to GLDD's motion for sanctions; which, in light of the circumstances surrounding the "voluntary" dismissal negotiated by Milyko's former attorneys (see Pl.'s Compl. at ¶¶18-20), several dispositive issues concerning GLDD's obligation to provide maintenance and cure were left wholly undetermined. Specifically, the Circuit Court never determined whether GLDD actually had a duty to pay Milyko's maintenance and cure, and if so, to what extent such benefits were to be provided and maintained. That determination was left for a later day.

Importantly, the Circuit Court's order never dismissed Milyko's claim for maintenance and cure itself, which is a point conceded by GLDD's in its Brief; instead, the Defendant challenges Milyko's claim for attorney's fees and punitive damages for failing to investigate and pay Milyko's maintenance and cure benefits. Defendants argue that Milyko cannot assert a claim for punitive damages stemming from GLDD's refusal to pay maintenance and cure for his 2014 work-related injury, because it is "identical" to the claim which the Norfolk Circuit Court dismissed in prior litigation; and, as such, the doctrine of *res judicata* should bar its re-litigation. See Def.'s Mem. (D.E. #6, p. 4) ("this case is a hornbook example of when *res judicata* bars a

claim."). Contrary to the Defendant's assertions, the doctrine of *res judicata* is inapplicable in this matter and there is very little about this case that could be described as "hornbook." GLDD has a continuing duty to investigate and pay maintenance and cure when due. This Complaint asserts, *inter alia,* a claim for punitive damages and attorney's fees arising out of GLDD's conduct *after* the entry of the Norfolk Circuit Court's order based on their failure to honor the continuing duty to investigate and pay maintenance and cure benefits owed to Milyko based on his injuries sustained while in the service of the Defendant's vessel.

## ARGUMENT

A seaman's "right to maintenance and cure is ongoing and *serial suits may be brought to collect maintenance and cure payments as they come due*. Pelotto v. L & N Towing Co., 604 F.2d 396, 398 (5th Cir. 1979). GLDD's duty to provide maintenance and cure was ongoing and should have been paid until the date that Milyko reached Maximum Medical Improvement ("MMI"). This date, however, was never established during the Circuit Court proceedings. GLDD misconstrues the nature of the relief sought by the Plaintiff, reasoning that because the Norfolk Circuit Court previously dismissed Milyko's claims for attorneys' fees and punitive damages, this Court should do the same for a different maintenance and cure claim. Contrary to the Defendant's position, the Norfolk Circuit Court order did not immunize GLDD from liability for subsequent actionable conduct, and whether such future conduct subjected them to liability for punitive damages.

1. **Maintenance and Cure is Contractual and seamen are entitled to claim punitive damages where a shipowner has wantonly disregarded his obligation.**

Maintenance and cure is a contractual form of compensation afforded to seamen who become ill or injured while in service of a vessel. Vaughan v. Atkinson, 369 U.S. 527, 532, 82 S. Ct. 997, 8 L. Ed. 2d 88 (1962). It is not necessary for the seaman to show his injuries were

3

sustained because of, or while engaged in, activities required by his employment. Id. So broad is the ship owner's obligation that it extends even to injuries pre-existing employment, provided that those injuries are aggravated or become manifest while the seaman is in service of the vessel. Id. Any doubts as to a ship owner's liability for maintenance and cure are resolved in favor of the seaman. The "duty to provide maintenance and cure is contractual and arises independently of tort law." Boudreaux v. United States, 280 F.3d 461, 469 (5th Cir. 2002) (citing Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1013 (5th Cir. 1994) (holding that a seaman's negligence does not negate a ship owner's duty to pay maintenance and cure). Seaman may recover punitive damages for a shipowner's "willful and wanton disregard of the maintenance and cure obligation." Atl. Sounding Co. v. Townsend, 557 U.S. 404, 424, 129 S. Ct. 2561, 174 L. Ed. 2d 382 (2009).

Milyko's entitlement to seek punitive damages based on GLDD's termination and refusal to pay maintenance and cure benefits *after* the Court's February 1, 2016 Order cannot be mischaracterized as "identical to the claim raised in the case at bar." D.E. #7, Def.'s Brf. at p.4. This case presents fresh claims for maintenance and cure, which Milyko, as a seaman, remains entitled to receive from his employer, GLDD, most of which were incurred after the Norfolk Court order, and all of which was incurred after filing his complaint in the Norfolk Circuit Court. Milyko's Complaint filed in U.S. District Court makes clear that the punitive damages are for refusal to pay maintenance and cure after the entry of the order of the Norfolk Circuit Court. Milyko's instant Complaint filed in this Court alleges the following:

> The terms of the agreement incorporated in the Final Order did not discharge Great Lakes from its obligation to provide Milyko with Maintenance and Cure. Moreover, the Final Order concerned only Great Lakes' conduct which occurred before the entry of that Final Order, it did not contemplate future willful, arbitrary and capricious refusal to pay maintenance and cure after entry of that order. This action seeks attorney fees and punitive damages arising out of Great Lakes' willful,

4

> arbitrary and capricious refusal to pay maintenance and cure after the entry of the Final Order.

See Pl.'s Compl. at ¶¶ 21-22 (D.E. # 1).  The claims asserted in the instant federal court action are not based on the same causes of action involved in the earlier proceeding because GLDD's duty to pay maintenance and cure continued *after* the entry of the Circuit Court's order; and, in turn, a new right to seek recovery of punitive damages and attorneys' fees for violation of that duty sprang anew.

In view of the fact that a seaman cannot be denied the right to sue for maintenance and cure before such a claim has accrued (Cooper v. Diamond M Co., 799 F.2d 176, 179 (5th Cir. 1986)), any determination of whether or not that seaman is entitled to recover punitive damages and attorneys' fees should not be prematurely denied before the conduct which formed the basis for those compensatory damages accrued. Accordingly, GLDD's conduct following the Circuit Court's dismissal of Milyko's claims for compensatory damages must be evaluated and a determination as to whether or not the Defendant's actions subject it to liability for punitive damages and attorneys' fees made by this Court.

To that end, federal courts have found the following examples of employer behavior as potential bases meriting an award for punitive damages: (1) laxness in investigating a claim; (2) termination of benefits in response to the seaman's retention of counsel or refusal of a settlement offer; (3) failure to reinstate benefits after diagnosis of an ailment previously not determined medically. Harper v. Zapata Off-Shore Co., 741 F.2d 87, 90 (Fifth Cir. 1984). Shipowners are required to investigate and seek corroboration of a claim for maintenance and cure. Jefferson v. Baywater Drilling, LLC, No. 14-1711, 2015 U.S. Dist. LEXIS 9314, at *10 (E.D. La. Jan. 27, 2015). And, "[i]f, after investigating, the shipowner unreasonably rejects the claim," the owner is liable for compensatory damages. Id. (quoting Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th

Cir. 1987)). Furthermore, where a shipowner's denial was not only unreasonable but "callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent," the shipowner is also liable for punitive damages and attorneys' fees. See Atlantic Sounding Co., 557 U.S. at 424.

Based on the conduct alleged in Plaintiff's Complaint, GLDD arguably neglected to adequately investigate Milyko's claims and the extent of his injuries, and conceivably terminated his benefits in response to the initial filing of his suit, which occurred just 20 days after suit was filed in Norfolk Circuit Court. It is further unclear to what extent GLDD ascertained whether or not continued treatment would be required following the initial dismissal of Milyko's suit, given the fact that there was no determination of MMI. Based on the foregoing, the factual allegations in Milyko's Compliant have put forward a sufficient basis to survive the Defendant's Motion to Dismiss the Plaintiff's claims for punitive damages.

2. **As a shipowner, GLDD has a continuing duty to provide Milyko's maintenance and cure benefits and Milyko is entitled to bring successive suits stemming from the same injury where such benefits are denied.**

GLDD is responsible for the unpaid Maintenance benefits it was required to provide Milyko from February 20, 2015 - December 14, 2017. Pl.'s Compl. at ¶17 (D.E. #1). The right to maintenance and cure is ongoing and serial suits may be brought to collect maintenance and cure payments as they come due. Pelotto v. L & N Towing Co., 604 F.2d 396, 398 (5th Cir. 1979). While claim preclusion may apply to admiralty proceedings, including claims for maintenance and cure, "[a] seaman cannot be denied the right to sue for maintenance and cure before such a claim has accrued. Cooper v. Diamond M Co., 799 F.2d 176, 179 (5th Cir. 1986). The conduct giving rise to the Plaintiff's Complaint for maintenance and cure which is currently before this Court did arise until *after* his punitive damages claim was dismissed in the prior state court proceeding. Thus, the manner in which GLDD terminated Milyko's maintenance and cure

6

benefits, as well as his employer's subsequent refusal to resume providing those benefits despite the fact he had yet to reach MMI, are not "identical," but refer to separate acts by the Defendant that are outside the scope of the Circuit Court's prior Order.

**3. The Norfolk Circuit Court never determined whether or not GLDD was required to pay maintenance and cure in the prior proceeding and made no determination as to Milyko's Maximum Medical Improvement.**

The Circuit Court made no findings of fact or conclusions of law with respect to Milyko's entitlement to receive maintenance and cure benefits or the date upon which they were to cease. In Pelotto v. L & N Towing Co., the Fifth Circuit, reversing summary judgement for a Defendant ship owner, held that even if the plaintiff brought his maintenance and cure claim in the initial suit, there would still be no bar to bringing the maintenance and cure claim in the later suit because […] no determination had ever been entered that the defendants were not required to pay maintenance and cure in the first instance. Id. at 401-02. In our case the Circuit Court never made any determination of when, and if, Milyko had fully recovered from his injuries. Milyko did require further treatment, including multiple surgeries, which he was required to pay for out of pocket. Furthermore, as alleged in his Complaint, and discussed further below, it was not determined that Milyko reached Maximum Medical Improvement ("MMI") until December 14, 2017. Pl.'s Compl. at ¶16 (D.E. #1). In light of these considerations, it is unclear why GLDD terminated Milyko's benefits, and then refused to resume payment at any point during the thirty-four (34) month period (February 20, 2015 - December 14, 2017) despite Milyko's demands. Id. at ¶17 (D.E. #1).

Furthermore, MMI was never determined at any point prior to the date Milyko's case was dismissed. Maximum Medical Improvement ("MMI") – "Cure" – arises when "further treatment will result in no betterment in the claimant's condition." Boudreaux v. United States, 280 F.3d

7

461, 469 (5th Cir. 2002). Since the Circuit Court did not determine when Milyko reached MMI, the issue of whether or not further treatment would, in fact, improve his condition, was left unanswered at the time his suit was dismissed by the Circuit Court.

The Fifth Circuit has stated that in maintenance and cure cases where a seaman brings subsequent claims based on the same injury, the application of *res judicata* will only bar the plaintiff's claims if the previous court had made an "*identifiable finding*" that fixed the maximum MMI. <u>Brooks v. Raymond Dugat Co. L C</u>, 336 F.3d 360, 363 (5th Cir. 2003) (emphasis added). As previously discussed, no such finding was ever made by the Norfolk Circuit Court.

4. **The equitable principles governing *res judicata* determinations are inapposite to the federal rights afforded to seaman under the Jones Act and will thwart the public policy protections of the Plaintiff if applied.**

In recognition of the ship owner's continuing duty, and a seaman's entitlement to bring successive suits to enforce his rights to receive maintenance and cure, the Fifth Circuit has emphasized that special consideration be given cases seeking to bar a seaman's claims "[e]ven though [*res judicata*] requirements are met." <u>Brooks v. Raymond Dugat Co. L C</u>, 336 F.3d 360, 362 (5th Cir. 2003). The doctrine of *res judicata* is not rigidly enforced where to do so would finally defeat the ends of justice. <u>Crawford v. Loving</u>, 84 F.R.D. 80 (E.D. Va. 1979) ("Application of the rule of *res judicata* is not mechanical. It is a rule of cooperation and harmony between courts. It is axiomatic that the rule is to be applied in any case to promote justice, not to thwart it").

In this instance, should the Court chose to apply the doctrine of res judicata to the instant matter it will defeat Milyko's right and entitlement to receive maintenance and cure, to which he is entitled and to which GLDD has a continuing duty under federal law. Where private litigation has extensive implications of public import, the rule of *res judicata* estoppel is not allowed to

stultify reassessment of the prior decision – *the public interest supersedes the private interest*. Griffin v. State Bd. of Educ., 296 F. Supp. 1178 (E.D. Va. 1969) (emphasis added). The Virginia Supreme Court has recognized that applying the doctrine of *res judicata* may not be appropriate when it conflicts with more important public policies. Bill Greever Corp. v. Tazewell Nat'l Bank, 256 Va. 250, 504 S.E.2d 854 (1998) (quoting Bates v. Devers, 214 Va. 667, 670 n.2, 202 S.E.2d 917, 920 (1974) ("[w]e recognize that in an appropriate case, *res judicata*, a doctrine based on public policy, may give way when in irreconcilable conflict with other, more important public policies." See, e.g., Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 670, 88 L. Ed. 376, 64 S. Ct. 268 (1944) (Legislated public policy against patent monopolies and misuse of patent privilege "is not 'at the mercy' of the parties . . . nor dependent on the usual rules governing the settlement of private litigation"); see e.g., Spilker v. Hankin, 88 U.S. App. D.C. 206, 188 F.2d 35 (D.C. Cir. 1951) (Need for judicial scrutiny and control of attorney-client relationship outweighs policies of res judicata).

## **CONCLUSION**

Milyko's Complaint clearly distinguishes between GLDD's conduct at the beginning of his treatment for his injuries, which was at issue in the matter filed in the Norfolk Circuit Court, and GLDD's conduct following dismissal of that case. The order in the Norfolk Circuit Court case did not absolve GLDD's of future conduct and that conduct gives rise to new claims for punitive damages and attorney's fees for GLDD's wanton refusal to honor its continuing duty to pay Milyko's maintenance and cure benefits. Based on the foregoing the Defendant's Motion to Dismiss should be denied.

Respectfully Submitted,

JOSEPH MILYKO

By:       */s/ Daniel T. Stillman*      
    **Daniel T. Stillman, Esq. (VSB No. 88774)**
    **Patrick M. Brogan, Esq. (VSB No. 25568)**
    DAVEY|BROGAN, P.C.
    101 Granby Street, Suite 300
    Norfolk, Virginia 23510
    Phone:    757.622.0100
    Fax:    757.622.4924
    E-mail:    dstillman@dbmlawfirm.com
              pbrogan@dbmlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of March, 2018, I electronically filed the Plaintiff, Joseph Milyko's Response to Defendant Great Lakes Dredge and Dock Company, LLC's Memorandum in Support of Rule 12(b)(6) Motion to Dismiss Plaintiff's Punitive Damages Claims with the Clerk of Court using the EDVACM/ECF system, which will then send notification of such filing (NEF) to the following:

**Edward J. Powers, Esquire (VSB #32146)**
**Michael D. Pierce, Esquire (VSB #89768)**
VANDEVENTER BLACK LLP
101 W. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 446-8600
Facsimile: (757) 446-8670
EPowers@vanblacklaw.com
MPierce@vanblacklaw.com


      */s/ Daniel T. Stillman*
**Daniel T. Stillman, Esq. (VSB No. 88774)**
**Patrick M. Brogan, Esq. (VSB No. 25568)**
DAVEY | BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510

| | |
|---|---|
| Phone: | 757.622.0100 |
| Fax: | 757.622.4924 |
| E-mail: | dstillman@dbmlawfirm.com |
| | pbrogan@dbmlawfirm.com |